UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,        CRIMINAL NO. 13-cr-20564
                                  CIVIL ACTION NO. 18-cv-12039
v.                                 HON. STEPHEN J. MURPHY, III

D-1    MOHAMED FARAJ,
         Defendant.
_____/

**THE GOVERNMENT'S MOTION AND BRIEF IN SUPPORT OF THE GOVERNMENT'S MOTION FOR COPIES OF CERTAIN ATTORNEY-CLIENT COMMUNICATIONS AND CORRESPONDENCE NEEDED TO RESPOND TO PETITIONER'S §2255 MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE AND MOTION FOR ADDITIONAL 45 DAY EXTENSION OF TIME TO RESPOND**

The United States of America, by and through its attorneys MATTHEW SCHNEIDER, United States Attorney, and TERRENCE R. HAUGABOOK, Assistant United States Attorney, both for the Eastern District of Michigan, Southern Division, and for its Motion for Copies of Certain Attorney-Client Communications and Correspondence Needed to Respond to Petitioner's Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255 and Motion for a 45 day extension of time state as follows:

    1.     On September 3, 2014, the petitioner was charged in four counts of a

second superseding indictment[1] (R.158: Second Superseding Indictment) with count one: continuing criminal enterprise; count two: conspiracy to distribute controlled substances; count three: use and carry of a firearm in furtherance of a drug trafficking crime; and count six: use of a communication facility to facility the commission of a drug trafficking crime.

2. Jury trial began on October 28, 2014, and concluded on December 10, 2014. Petitioner was convicted on counts one, two, and five of the second superseding indictment (R. 64: Verdict Form).

3. On June 22, 2015, the petitioner was sentenced to concurrent sentences of 288 months on count one; 240 months on count two; and 48 months on count five. (R. 343: Judgment).

4. On June 22nd and again on June 26th, 2015, the petitioner filed a timely notice of appeal. (R. 344,345: Notice of Appeal).

5. On July 3, 2017, the Sixth Circuit rejected petitioner's arguments and affirmed petitioner's conviction and sentence. *See United States v. Ayoub et. al.*, 701 F. App'x 427 (6th Cir. 2017). The petitioner did not file a petition for a *writ of certiorari*.

---

[1] The petitioner was previously charged in an initial indictment (R. 3: Indictment), and superseding indictment (R.67: Superseding Indictment). The essential difference between these indictments and the second superseding indictment is that count three in the two prior indictments charged possession of a firearm in furtherance of a drug trafficking crime rather than "use and carry" as charged in the second superseding indictment.

6. On June 28, 2018, the petitioner filed a Section 2255 motion with this Court, which was dated June 14, 2018. (R. 409: Motion to Vacate).

7. Petitioner filed a §2255 motion consisting of 52 pages. The motion alleges, *inter alia*, that: (1) petitioner's sentence on counts one and two violates the prohibition against double jeopardy; (2) the jury instructions for count one violated the Constitution; (3) ineffective assistance of trial counsel; and (4) the sentence on count one was unconstitutional. (R. 409: Motion to Vacate). With the exception of the ineffective assistance of counsel claim, petitioner's claims could have been raised in his direct appeal[2].

8. On January 25, 2019, this Court entered an Order requiring the government to respond to petitioner's motion within 14 days or by February 8, 2018. (R. 414: Order). Given the issues in the case and the government's need for an order requiring trial counsel (who was also appellate counsel) to consult with the government's attorney[3], and the need for the government's attorney as well as

---

[2]A petitioner is procedurally barred from raising claims in a § 2255 motion of even constitutional or jurisdictional magnitude to which no contemporaneous objection was made or which were not presented on direct appeal. *United States v. Frady*, 456 U.S. 152, 167-68 (1982); *Nagi v. United States*, 90 F.3d 130, 134 (6th Cir. 1996).

[3]When a habeas petitioner claims that he received ineffective assistance of counsel, he puts communications between himself and his attorney directly in issue, and thus by implication waives the attorney-client privilege with respect to those communications. *See Strickland v. Washington*, 466 U.S. 668, 691 (1984)("[I]nquiry into counsel's conversations with the defendant may be critical to a proper assessment of counsel's... litigation decisions."); *In Re Lott*, 424 F.3d 446, 453 (6th Cir. 2005)("The implied waiver in habeas proceedings [is] the result of petitioner's

petitioner's trial/appellate counsel to retrieve their respective file from storage; the government's attorney needs more time to respond to petitioner's motion.

9.  The input from petitioner's trial/appellate counsel is necessary for the government to effectively respond to petitioner's §2255 ineffective assistance of counsel claim as Rule 5(b) of the Rules Governing §2255 Proceedings requires the government to address the allegations in the [§2255] motion. It is also necessary for the government to address why several of petitioner's claims should not be barred for failure to address them on direct appeal. The government cannot address those allegations without the input from trial/appellate counsel until after everyone has retrieved and reviewed their respective file.

10.  In order for the government to properly and effectively respond to petitioner's claims, and given the petitioner's §2255 motion places communications with counsel in issue, the government will need the following information from the files of petitioner's trial and appellate attorneys:

(i) Information about any and all discussions, as well as copies of any and all

---

assertion of his own counsel's ineffectiveness."); *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003)(en banc)("It has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer."); *Johnson v. Alabama*, 256 F.3d 1156, 1178 (11th Cir. 2001)(holding that by bringing an ineffective assistance claim, §2255 movant waives attorney-client privilege with respect to conversations that "bare on strategic choices made during representation.").

correspondence, between petitioner and his trial/appellate attorney (Harold Gurewitz) about the strategy to be pursued on appeal, as well as any communications between petitioner and his trial/appellate counsel about the issues to be pursued at trial in relation to its impact on jury instruction requests, and discussions between trial counsel and petitioner about jury instructions. Furthermore, any and all discussions, as well as copies of any and all correspondence, between petitioner and his trial/appellate attorney (Harold Gurewitz) about the strategy and issues to be pursued on appeal. (*See Frady* at note 2 *supra*).

11.  The government is well aware that appellate counsel is not ineffective for failing to raise every non-frivolous argument. *Jones v. Barnes*, 463 U.S. 745,751-52 (1983). "The process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986). To the extent appellate discussions and decisions about the issues to advance on appeal were discussed and agreed upon between appellate counsel and petitioner, the government needs that information to properly and effectively defeat petitioner's claim for failing to raise any of them on direct appeal rather than in his §2255 petition.

12.  Because the government's attorney anticipates that petitioner, acting *pro se*, may possibly be afforded time to respond to the government's instant

5

motion, and the government's response to petitioner's §2255 petition is currently due on February 8, 2019, this will necessarily result in the government needing additional time within which to: (1) obtain an order from the court granting the government access to the requested materials, (2) obtain the materials from trial/appellate counsel, (3) discuss those issues with trial/appellate counsel, and (4) to research and prepare its response to petitioner's §2255 petition. Therefore, the government will need an additional 45 days within which to respond to petitioner's §2255 petition.

 WHEREFORE, the Government requests that the Court grant the government's Motion for Copies of Certain Attorney-Client Communications and Correspondence, and order petitioner's trial/appellate attorney to produce the materials requested herein. In addition, the government requests that the court grant the government's pending motion for a forty-five day enlargement of time.

Respectfully submitted,

Matthew Schneider
United States Attorney

s/Terrence R. Haugabook (P44554)
Assistant U.S. Attorney
Email: Terrence.haugabook@usdoj.gov
211 W. Fort Street, Ste. 2001
Detroit, MI 48226
(313) 226-9157

Dated: February 5, 2019

6

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 5, 2019, I mailed the foregoing document to the defendant at the following:

  Mohamed Faraj, Reg. No. 48851-039
  FCI McKean
  P.O. Box 8000
  Bradford, PA 16701

                                  s/Terrence R. Haugabook (P44554)
                                  Assistant U.S. Attorney
                                  E-mail:terrence.haugabook@usdoj.gov

Dated: 2/5/19