UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MOHAMED FARAJ,             CIVIL NO. 2:18-cv-12039
    Plaintiff/Petitioner        CRIMINAL NO. 13-cr-20564-1
                         HONORABLE STEPHEN J. MURPHY, III

v.

UNITED STATES OF AMERICA,
    Defendant/Respondent.
_____/

## AMENDED RESPONSE OF THE UNITED STATES IN RESPONSE AND OPPOSITION TO PETITIONER'S 28 U.S.C. § 2255  MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE WITH INCORPORATED BRIEF

NOW COMES the United States, by and through MATTHEW SCHNEIDER,

United States Attorney and TERRENCE R. HAUGABOOK, Assistant United

States Attorney, pursuant to Federal Rule Civil Procedure 15(a)(1)(A) and 7(a)(2);

and Rule 5 (a) and (b), of *The Rules Governing Section 2255 Proceedings*, in

response to the Petitioner's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or

Correct the Sentence and states the following for its Amended Response in

Opposition to Petitioner's 28 U.S.C. § 2255 Motion:

# **TABLE OF CONTENTS**

I. INTRODUCTION ................................................... 2

II. PROCEDURAL HISTORY ............................................ 2

III. ARGUMENT ..................................................... 5

    A. Legal Standard for Amending Section 2255 Responses.... .................. 5

    B. Legal Standard for Section 2255 Litigation ............................. 6

    C. Petitioner is Entitled to Have His Conviction and Sentence for the
       Conspiracy Count Vacated ...................................... 8

    D. Petitioner is Unable to Satisfy His Burden of Proof on His Ineffective
       Assistance of Counsel Claim…………..…..………………….....……..9

    E. Petitioner Procedurally Defaulted His Challenge to The CCE
       Instructions Which Clearly Stated the Law, Were Unambiguous, and
       Required Unanimity……………………………………..…….17

    F. There Was No Due Process Violation and Petitioner is Not Actually
       Innocent .………………………………………………………..19

IV. CONCLUSION ................................................... 20

I.                              **Introduction**

Petitioner, Mohamed Faraj, who took a direct appeal of his conviction,
which was denied by the Sixth Circuit, now seeks to vacate, set aside, or correct
his sentence. In his §2255 motion, petitioner Mohamed Faraj challenges his dual
convictions for engaging in a continuing criminal enterprise and conspiracy to
distribute and possess with intent to distribute controlled substances as violative of
the Fifth Amendment's Double Jeopardy prohibition. However, petitioner also
seeks to use a §2255 motion to mount a second attack against the sufficiency of the
evidence for his conviction of engaging in a continuing criminal enterprise, which
he raised in his direct appeal, by couching his newer challenges inside of an
ineffective assistance of counsel claim and a faulty jury instruction allegation.  For
the reasons that follow, petitioner's §2255 motion should be granted in part and his
conspiracy to distribute and possess with intent to distribute controlled substances
conviction should be vacated and the Judgment amended to remove the imposition
of a $100 special assessment and supervised release requirement for that count.
The rest of petitioner's §2255 motion should be denied.


II.                             **Procedural History**

On July 31, 2013, petitioner Faraj was originally charged, under seal, in

2

three counts of a five-count indictment, with count one: engaging in a continuing criminal enterprise, in violation of 21 U.S.C. § 848(a), and (c); count two: conspiracy to distribute and possess with intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a)(1); 846; count three: possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A); and count five: use of a communication facility to commit a violation of the Controlled Substances Act, in violation of 21 U.S.C. § 843(b). (R. 3: Indictment, PgID 5). On November 13, 2013, a superseding indictment was filed which merely added another firearm to count three possession of a firearm in furtherance of a drug trafficking offense. (R. 67: Superseding Indictment, PgID304).

Trial began on or about October 28, 2014. After five weeks, trial concluded on December 5, 2014, with a verdict of guilty against petitioner on count one: engaging in a continuing criminal enterprise ("CCE"), in violation of 21 U.S.C. § 848(a), and (c); count two: conspiracy to distribute and possess with intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a)(1); 846; and count five: use of a communication facility to commit a violation of the Controlled Substances Act, in violation of 21 U.S.C. § 843(b). The jury was unable to reach a verdict on count three possession of a firearm in furtherance of a drug trafficking offense. (R. 249: Verdict Form, PgID 1792).

3

Sentencing occurred on June 22, 2015. Petitioner was sentenced concurrently on all counts to 288 months' imprisonment on count one, 240 months' imprisonment on count two, and 48 months' imprisonment on count five. (R. 343: Judgment, Pg ID 5579). A $100.00 special assessment was imposed on each count for a total of $300.00. (*Id*.). Concurrent supervised release terms were imposed for each count as follows: three years for counts one and two, and one year for count five. (*Id.*).

On June 26, 2015, the petitioner filed a timely notice of appeal (R. 345: Notice of appeal, PgID 5588), and subsequently took a direct appeal to the Sixth Circuit. On appeal, the petitioner challenged the trial court's denial of his motion to recall witness Hafez Hammoud, the admission of statements of Mahmoud Harajli under the excited utterance exception of Fed. R. Evid. 803(2), and the sufficiency of the evidence for his conviction on count one of being a participant in a continuing criminal enterprise particularly as the organizer, supervisor, or manager.[1] The Sixth Circuit Court of Appeals rejected petitioner's challenges and affirmed his conviction on July 3, 2017. *See U.S. v. Ayoub et. al.*, 701 Fed. Appx. 427 (6th Cir. 2017). The appellate court issued its mandate on July 25, 2017 (R.

---

[1]The petitioner also sought a judgment of acquittal on count three,  which the jury failed to reach a verdict on,  possession of a firearm in furtherance of a drug trafficking crime. However, the Sixth Circuit ruled it did not have jurisdiction to hear that challenge.

4

392: Mandate, PgID 5942). The petitioner did not file a Petition for Writ of Certiorari to the Supreme Court of the United States.  On June 28, 2018, the petitioner timely filed the instant 28 U.S.C. § 2255 motion.[2]

## III.                                   ARGUMENT

### A.   LEGAL STANDARD FOR AMENDING AND RESPONDING TO §2255 PETITIONS

The Civil Rule governing pleading amendments, Federal Rule of Civil Procedure 15, is applicable to habeas proceedings by 28 U.S.C.§ 2242; Federal Rule of Civil Procedure 81(a)(4)(A) and (B); and Rule 12 of *The Rules Governing Section 2255 Proceedings*. Fed. Rule Civ. Proc. 15(a) provides:

**(a) Amendments Before Trial.**

**(1)** *Amending as a Matter of Course.* A party may amend its pleading once

---

[2]Because petitioner took a direct appeal solely to the court of appeals, his conviction became final for §2255 purposes upon the expiration of 90 days within which he could have petitioned for certiorari to the Supreme Court even if no certiorari petition had actually been filed. *See Clay v. United States*, 537 U.S. 522, 532 (2003). Therefore, Petitioner's conviction became final on October 1, 2017, which is ninety days after the Sixth Circuit order denying his appeal. Petitioner had one year from that date, or until October 1, 2018, within which to file his petition. *See* 28 U.S.C. §2255(f)(1).

as a matter of course within:

(**A**) 21 days after serving it, or

(**B**) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a         motion under Rule 12(b), (e), or (f), whichever is earlier.

(**2**) *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The         court should freely give leave when justice so requires.

The "pleading" to which Fed. Rule Civ. Proc. 15(a)(1)(A) refers is the complaint in an ordinary civil case, and the § 2255 [petition] in a habeas proceeding. *See* Fed. Rule Civ. Proc. (3); Rule 5(a) and (b) of *The Rules Governing Section 2255 Proceedings*.

Pursuant to Fed. Rule Civ. Proc. 15(a)(1)(A), the Government can freely amend its § 2255 petition, without prior court approval, given it is being done within 21 days after serving it by mail to defendant on June 3, 2018.

## B.   <u>LEGAL STANDARD FOR SECTION 2255 LITIGATION</u>

Under 28 U.S.C. §2255(a)**,** a federal prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a);

*Anderson v. United States*, 246 F. Supp. 2d 758, 760 (E.D. Mich. 2003) (Gadola, J.).

A petitioner bears the burden of demonstrating an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. *Reed v. Farley*, 512 U.S. 339, 353 (1994); *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993). In order for Faraj to obtain relief under § 2255, he must show a "'fundamental defect' in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process.'" *Riggs v. United States,* 209 F.3d 828, 831 (6th Cir. 2000)(citing *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994)). In order to obtain collateral relief under § 2255, petitioner Faraj must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982).

It is well settled that an argument not raised on direct appeal is waived. *See Grant v. United States,* 72 F.3d 503, 505–06 (6th Cir.1996). Such an argument can be raised for the first time on collateral review only when the alleged error constitutes a "fundamental defect which inherently results in a complete miscarriage of justice." *Reed v. Farley,* 512 U.S. at 348. A § 2255 motion may not be employed to relitigate an issue that was raised and considered on appeal absent highly exceptional circumstances, such as an intervening change in the law.

7

*Giraldo v. United States,* 1995 WL 290354 (6th Cir.1995).

Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, as occurred in Faraj's case here, the claim may be raised in habeas review only if the defendant can first demonstrate either "cause and actual prejudice," or that he is "actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998). "Actual innocence" means factual innocence and not mere legal insufficiency. *Id.* at 623.

With the exception of his double jeopardy claim, petitioner has procedurally defaulted several of his challenges, or they are otherwise not subject to collateral review because they were raised previously on direct review, and his motion must be denied.

## C. PETITIONER IS ENTITLED TO HAVE HIS CONVICTION AND SENTENCE FOR COUNT TWO VACATED

Petitioner was dually charged, as well as convicted, of engaging in a continuing criminal enterprise, in violation of 21 U.S.C. § 848(a), and (c), and count two: conspiracy to distribute and possess with intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a)(1); 846. "A guilty verdict on a §848 charge necessarily includes a finding that the defendant also participated in a conspiracy violative of § 846; conspiracy is therefore a lesser included offense of

8

CCE." *Rutledge v. United States,* 517 U.S. 292, 307 (1996); *United States v. Fredell*, 79 Fed. Appx. 799 (6th Cir. 2003). Because this occurred in petitioner's case, he is entitled to have one of his convictions and its attendant sentence vacated. *Id.*

Since conspiracy is the lesser included offense, the government will concede error and agree to vacate defendant's conviction and sentence for count two, the conspiracy charge. *U.S. v. Taylor,* 489 Fed. Appx. 34, 40 (6th Cir. 2012). Therefore, the Judgment has to be amended to reflect the vacation of the conspiracy conviction, and removal of the imposition of supervised release for that count, as well as the $100 special assessment.

**D. PETITIONER FARAJ CAN NOT SATISFY HIS BURDEN OF PROOF ON HIS ALLEGED INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS**

*1. The Standard of Review for An Ineffective Assistance of Trial Counsel Claim.*

An ineffective assistance of counsel claim, however, is not subject to the procedural default rule, and may be raised in a collateral proceeding under §2255, whether or not the petitioner could have raised the claim on direct appeal. *Massaro v. United States*, 538 U.S. 500 (2003).

Even though petitioner Faraj is not procedurally defaulted from raising his ineffective assistance of counsel claim, he fails to establish any violation of the Sixth Amendment right to counsel. Petitioner must show two things: "that counsel's performance was deficient . . . [and] that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

> In determining whether counsel's performance was deficient, [t]he court must . . . determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. . . . At the same time, the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

*Strickland*, 466 U.S. at 690.

The governing performance standards depend in large part on the standards set by the legal profession: "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Id*. at 688. "The threshold issue is not whether [his] attorney was inadequate; rather, it is whether he was so manifestly ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992)(en banc), 508 U.S. 975 (1993). In applying the "professional norms" standards, however, "[j]udicial scrutiny of counsel's performance must be highly deferential," and courts "must indulge a strong presumption that counsel's conduct falls within the

10

wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

That is because of the retrospective nature of ineffective assistance claims: "It is all

too tempting for a defendant to second-guess counsel's assistance after conviction

or adverse sentence, and it is all too easy for a court, examining counsel's defense

after it has proved unsuccessful, to conclude that a particular act or omission of

counsel was unreasonable." *Id*.

Accordingly, the Court in *Strickland* held, "[a] fair assessment of attorney

performance requires that every effort be made to eliminate the distorting effects of

hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to

evaluate the conduct from counsel's perspective at the time." *Id*.  The Court in

*Strickland* held defendant must overcome the presumption that, under the

circumstances, the challenged action "might be considered sound trial strategy.

There are countless ways to provide effective assistance in any given case. Even

the best criminal defense attorneys would not defend a particular client in the same

way." *Id.* at 689.

**2.** *The Alleged Failure of Defense Counsel to Challenge the Jury*
*Definition of Supervisor or Manager Role and Substantial Income*

While petitioner attempts to now challenge the jury instructions defining

supervisor or manager and substantial income, in actuality he merely challenges the credibility of the government witness Hafez Hammoud's testimony regarding the motive for the assault upon Harajli a homeless man living in the location where the crimes charged were centered *See* Petitioner's brief at pp. 18-22.

In a jury trial, the jury is the sole fact finder, *United States v. Adamo,* 742 F.2d 927, 935 (6th Cir.1984). "[A] section 2255 motion is not a vehicle for rearguing the credibility of witnesses." *Conteh v. United States,* 226 F.Supp.2d 514, 519 (S.D.N.Y. Oct.7, 2002). The credibility of witnesses is a jury determination. *See United States v. Clark,* 928 F.2d 733, 736 (6th Cir.1991). Moreover, most of the trial testimony was corroborated by documentary evidence (e.g. drug talley sheets), physical evidence (e.g. seized marijuana in the signature vials and plastic bags), and consistency with the testimony of other witnesses involved in the distribution and sale of marijuana. *Ayoub*, 701 Fed. Appx. at 430-432, 441-42; *United States v. Elder,* 90 F.3d 1110, 1124 (6th Cir.1996) (holding that the testimony of coconspirators was sufficient to support the defendant's conviction of conducting a continuing criminal enterprise).

Review of witness credibility is not within the province of this Court and is not proper under a § 2255 motion. *See* 28 U.S.C. § 2255(a). Moreover, the Sixth Circuit conducted a de novo review and found sufficient evidence existed on all of

12

the elements of petitioner's CCE conviction. *Ayoub,* 701 Fed. Appx. at 440-442. In performing a de novo review of a conviction for sufficiency of the evidence, the Supreme Court stated a [reviewing court] must determine "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 318 (1979) (footnote omitted). In making this determination, a court does "not weigh the evidence, assess the credibility of the witnesses, or substitute our judgment for that of the jury." *United States v. Salgado,* 250 F.3d 438, 446 (6th Cir.2001) (internal quotation and citation omitted). Rather, a court views the probative evidence and the inferences drawn from it "in the light most favorable to the prosecution" and determines whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson,* 443 U.S. at 319.

Further, a sufficiency of evidence claim requires the Court to apply the substantive elements of the criminal offense charged. *Sanford v. Yukins,* 288 F.3d 855, 860 (6th Cir. 2002). In performing its de novo review of the elements of petitioner's CCE conviction, the Sixth Circuit first looked at all five of the required substantive elements to convict petitioner of the CCE offense and noted the record "fully supported the jury's verdict." *Ayoub*, 701 Fed. Appx. at 441. Then the Court began to focus on the one substantive element petitioner challenged in earnest

13

which was whether he was an "organizer, supervisor, or manager" of the conspiracy. *Id.* The Court then found sufficient evidence existed to support that element too. *Id.* at 442.

### 3. *Defense Trial Strategy*

In addition, it should be noted that the trial strategy in this case was to contradict elements of the CCE offense and thereby deny participation in it while admitting involvement in the conspiracy offense.

To convict defendant of the CCE offense, the government must prove (1) that the defendant committed a felony violation of federal narcotics laws; (2) that the violation was part of a continuing series of three or more drug offenses committed by the defendant; (3) that the defendant committed the series of offenses in concert with five or more persons; (4) that the defendant acted as an organizer, supervisor, or manager of these five or more persons; and (5) that the defendant obtained substantial income or resources from this series of violations. *United States v. Burns*, 298 F.3d 523, 535 (6th Cir. 2002).

During opening statements, defense counsel admitted defendant participated in selling Marijuana with Hafez Hammoud but only sold small amounts. (R. 268: TT., PgID 2024; 2027). In closing, defense counsel argued that petitioner was

guilty of count two, the conspiracy offense, and count four (*sic*), the use of a communication facility offense. (R. 285: Tr., PgID 4771; 4784-85). The defense also argued against the substantial income element by denying defendant had substantial sums of money or other trappings attendant to a person considered a "Kingpin" in a CCE. (*Id*. at PgID 4784-85).

The petitioner cannot show any deficient performance or actual prejudice from his attorney's actions and now merely quarrels with the trial strategy after it did not work. This was specifically rejected in *Strickland* as a basis for proving ineffective assistance of counsel. *Strickland*. *Strickland* made clear, "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." 466 U.S. at 689. Moreover, after a de novo review, the Sixth Circuit found sufficient evidence on all five of the CCE elements required to convict petitioner.

To the extent petitioner claims his appellate counsel was ineffective for not litigating the jury instructions, it should be noted, as argued *infra*, there was no appealable claim because the jury instructions properly cited the CCE elements and did require unanimity. *See Strickland*, 466 U.S. at 691(holding that failure of counsel to pursue fruitless claims "may not later be challenged as unreasonable");

*see also Holland v. Horn*, 150 F.Supp. 706, 787 (E.D.Pa. 2001)(holding that counsel cannot be ineffective for failing to raise a meritless claim). Also, the process of "winnowing out weaker arguments on appeal and focusing on" those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy. *Jones v. Barnes,* 463 U.S. 745, 751-752 (1983).

 *Strickland* prohibits petitioner from trying to couch his dissatisfaction with his attorney's trial strategy into an ineffective assistance of counsel claim. *Strickland*, 466 U.S. at 689, 698-99. Petitioner is trying to re-litigate his sufficiency of the evidence argument on the CCE count, inside of an unmeritorious ineffective assistance of counsel claim, and challenge more of the CCE elements. However, that sufficiency challenge was previously raised and considered on appeal. Moreover, to the extent the Sixth Circuit reviewed his CCE sufficiency challenge de novo, then pursuant to *Giraldo*, petitioner is barred from re-litigating it in a Section 2255 motion. If not, then pursuant to *Bousley*, petitioner procedurally defaulted because he did not specifically challenge each individual element on direct appeal. Petitioner has not shown cause and actual prejudice for this procedural default. Nor, can petitioner show actual innocence given his trial strategy of admitting participation in the conspiracy that is a lesser included offense of the CCE count.

16

Petitioner cannot show counsel's performance was deficient or prejudiced him. Wherefore, the petitioner's claim of ineffective assistance of counsel should be denied.

## E.   PETITIONER PROCEDURALLY DEFAULTED HIS ABILITY TO CHALLENGE THE CCE JURY INSTRUCTIONS WHICH CLEARLY STATED THE LAW, WERE NOT AMBIGUOUS, AND REQUIRED UNANIMITY

When a defendant fails to object to a jury instruction at trial or on direct review and makes the objection on collateral review, as Faraj has done here, "a convicted defendant must show both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." *Napier v. United States*, 159 F.3d 956, 959 (6th Cir. 1998)(citations omitted).

The actual prejudice standard used on collateral review is more difficult for the movant to meet than is the plain error standard of Fed.R.Crim.P. 52(b), which is used on direct appeal. *See Henderson v. Kibbe,* 431 U.S. 145, 154, (1977); *Frady,* 456 U.S. at 166 (noting that "to obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal"). The standard for actual prejudice is "'whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process,' not merely whether 'the

17

instruction is undesirable, erroneous, or even universally condemned.' " *Kibbe,*

431 U.S. at 154.

Petitioner has procedurally defaulted this challenge and failed to fulfill his

burden of showing cause and actual prejudice. *Napier*, 159 F.3d at 959. Curiously,

petitioner's §2255 petition cited to the court's jury charge on the CCE count but

truncated the citation at the exact point just before the court instructs the jury that

unanimity is required. *See* Petitioner's brief at p.13.  A review of the transcript shows

that the court's instruction to the jury cited the proper five elements of CCE as

required by *Burns supra*, but continued after the portion cited by petitioner wherein

the court stated:

…
THE COURT:
...
Those are the five elements of the first count, all right?
Now, you must unanimously agree on the facts
necessary to support each element…

(R. 284: Tr., Pg ID 4672; 4681-83).

Contrary to petitioner's claim, as demonstrated also by the verdict form, the

jury was required to find unanimity on the CCE elements and petitioner's § 2255

motion must be denied. *See* (R. 249: Verdict Form, PgID 1792). Again, this is

another attempt to re-litigate the sufficiency of evidence for the CCE conviction.

Moreover, to the extent the Sixth Circuit reviewed his CCE sufficiency challenge

de novo, then pursuant to *Giraldo*, petitioner is barred from re-litigating it in a Section 2255 motion. If not, then pursuant to *Bousley*, petitioner procedurally defaulted because he did not specifically challenge each individual CCE element on direct appeal. Petitioner has not shown cause and actual prejudice for this procedural default. Nor, can petitioner show actual innocence given his trial strategy of admitting participation in the conspiracy, which is a lesser-included offense of the CCE count.

Wherefore, petitioner's Section 2255 motion challenge to the jury instructions should be denied.

## F.      THERE WAS NO DUE PROCESS VIOLATION AND PETITIONER IS NOT ACTUALLY INNOCENT

A review of the transcript shows that the court's instruction to the jury cited the proper five elements of CCE as required by *Burns supra*. (R. 284: Tr., Pg ID 4672; 4681-83). Again, this claim by petitioner is another attempt to re-litigate the sufficiency of evidence for the CCE conviction. Moreover, to the extent the Sixth Circuit reviewed his CCE sufficiency challenge de novo, then pursuant to *Giraldo*, petitioner is barred from re-litigating it in a Section 2255 motion. If not, then pursuant to *Bousley*, petitioner procedurally defaulted because he did not

specifically challenge each individual element on direct appeal. Petitioner has not shown cause or actual prejudice for this procedural default. Nor, can petitioner show actual innocence given his trial strategy of admitting participation in the conspiracy, which is a lesser-included offense of the CCE count.

## IV.                             CONCLUSION

For the foregoing reasons, with the exception of his double jeopardy claim, petitioner has not sustained his burden of demonstrating an error of constitutional magnitude, which had a substantial and injurious effect or influence on the criminal proceedings. Accordingly, petitioner's double jeopardy claim should be granted and the conspiracy conviction and sentence vacated. On all the other grounds petitioner alleged, his motion to vacate his sentence should be denied.

Respectfully submitted,
MATTHEW SCHNEIDER
United States Attorney


*s/Terrence R. Haugabook*
TERRENCE R. HAUGABOOK, P-44554
Assistant United States Attorney
211 W. Fort Street, Suite 2001
(313) 226-9157
Dated: June 5, 2019               Email: Terrence.Haugabook@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 5, I mailed the foregoing document with postage prepaid to the defendant at the following:

Mohamed Faraj, Reg. No. 48851-039
FCI McKean
P.O. Box 8000
Bradford, PA 16701

<u>s/Terrence R. Haugabook </u>(P44554)
Assistant U.S. Attorney
6/5/19                                   E-mail:terrence.haugabook@usdoj.gov

21