UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.

MOHAMED FARAJ,

    Defendant/Petitioner.

                                        /

Criminal Case No. 2:13-cr-20564-1
Civil Case No. 2:18-cv-12039

HONORABLE STEPHEN J. MURPHY, III

**ORDER GRANTING IN PART AND DENYING IN
PART PETITIONER'S MOTION TO VACATE SENTENCE [409]
AND DENYING AS MOOT MOTION TO APPOINT COUNSEL [410]**

    After a jury convicted Defendant-Petitioner Mohamed Faraj ("Petitioner"), the Court sentenced him, and the Sixth Circuit affirmed his conviction and sentence, he moved to vacate his sentence under 28 U.S.C. § 2255. ECF 409.[1] Petitioner also requested the Court to appoint counsel to explore further evidence if his § 2255 motion had merit. ECF 410. He raised four claims in his § 2255 motion. For the following reasons, the Court will grant in part and deny in part Petitioner's motion to vacate his sentence and will deny as moot his motion to appoint counsel.

### BACKGROUND

    On August 2, 2013, Petitioner was indicted on one count of engaging in a continuing criminal enterprise, in violation of 21 U.S.C. § 848(a) & (c), one count of conspiracy to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1),

---

[1] All citations are to the criminal docket.

1

(b)(1)(B)(vii), 846, one count of possession of a firearm in furtherance of drug trafficking offense, in violation of 18 U.S.C. §§ 924(c), 2, and one count of use of communication facility in facilitating the commission of violations of the Controlled Substance Act, in violation of 21 U.S.C. § 843(b). ECF 3. Two subsequent superseding indictments charged Petitioner with the same offenses. ECF 67, 158. On December 10, 2014, after a five-week trial, a jury found Petitioner guilty of engaging in a continuing criminal enterprise, in violation of 21 U.S.C. § 848(a) & (c), conspiracy to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vii), 846, and use of communication facility in facilitating the commission of violations of the Controlled Substance Act, in violation of 21 U.S.C. § 843(b). ECF 249. The jury was unable to reach a verdict on the count charging Petitioner with possession of a firearm in furtherance of drug trafficking offense, in violation of 18 U.S.C. §§ 924(c), 2. *Id.* at 1795–96. On June 22, 2015, the Court sentenced Petitioner to 288 months' imprisonment. ECF 343. Petitioner appealed his conviction and sentence. ECF 344, 345. On July 3, 2017, the Sixth Circuit affirmed Petitioner's conviction and sentence. ECF 389. Petitioner did not seek certiorari from the Supreme Court. On June 28, 2018, he filed a motion to vacate his sentence under 28 U.S.C. § 2255. ECF 409. He also filed a motion to appoint counsel. ECF 410. On May 31, 2019, the Government responded, ECF 425, and on June 5, 2019, the Government amended its response, ECF 426. On July 16, 2019, Petitioner replied to the response. ECF 429. After reviewing the record, the Court finds that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2).

## LEGAL STANDARD

Under 28 U.S.C. § 2255, an individual sentenced by a federal court may seek to vacate, set aside, or correct the sentence on four different grounds:

> (1) that the sentence was imposed in violation of the Constitution or laws of the United States, (2) that the court was without jurisdiction to impose such sentence, (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack.

*Hill v. United States*, 368 U.S. 424, 426–27 (1962) (quoting 28 U.S.C. § 2255) (internal quotations omitted). Generally, the motion must allege "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001).

It is well settled that an argument not raised on direct appeal is generally waived. *See Grant v. United States*, 72 F.3d 503, 505–06 (6th Cir. 1996). Such an argument can be raised for the first time on collateral review only when the alleged error constitutes "something akin to a denial of due process." *Id.* at 506. To raise an otherwise procedurally-defaulted claim on habeas review, the petitioner must first demonstrate either "cause and actual prejudice, or that he is actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998) (internal citations and quotations omitted). "[A]ctual innocence means factual innocence, not mere legal insufficiency." *Id.* at 623. It is also well settled that a § 2255 motion may not be employed to relitigate an issue that was raised and considered on appeal absent highly exceptional

3

circumstances, such as an intervening change in the law. *Giraldo v. United States*, No. 94-2460, 1995 WL 290354, at *2 (6th Cir. 1995).

## DISCUSSION

I. <u>Motion to Vacate Sentence</u>

Petitioner raises four arguments in his motion to vacate his sentence. The Court will address each in turn.

    A. *Double Jeopardy*

First, Petitioner argues that being convicted and sentenced for both continuing criminal enterprise ("CCE") and conspiracy to distribute controlled substances violates his Fifth Amendment right to not be placed in double jeopardy. ECF 409, PgID 6050. The Government concedes the error and states that it will agree to vacate Petitioner's conviction and sentence of the conspiracy charge—the lesser included offense. ECF 426, PgID 6165. Vacating the conspiracy charge would not change Petitioner's total prison term but would reduce his term of supervised release and lower the special assessment amount. *Id.* Petitioner replies that his prior sentencing was tainted by the constitutional defect and that he should therefore be afforded a new sentencing hearing. ECF 429, PgID 6184.

As the Government concedes, Petitioner's conviction and sentence for both CCE and conspiracy violates his Fifth Amendment rights. "A guilty verdict on a § 848 charge necessarily includes a finding that the defendant also participated in a conspiracy violative of § 846; conspiracy is therefore a lesser included offense of CCE." *Rutledge v. United States*, 517 U.S. 292, 307 (1996). And when multiple convictions

4

violate double jeopardy, the conviction for the lesser-included offense should be vacated. *United States v. DeCarlo*, 434 F.3d 447, 457 (6th Cir. 2006). Here, the conspiracy count is the lesser-included offense. The Court will therefore vacate Petitioner's sentence as to the conspiracy count.

Because the Court is merely correcting Petitioner's sentence by mechanically vacating the unlawful conviction and sentence, the Court is not required to reevaluate the appropriateness of Petitioner's initial sentence. *See United States v. Flack*, No. 18-1676, 2019 WL 5406477, at *2 (6th Cir. Oct. 23, 2019). The Court will therefore not resentence Petitioner. By vacating Petitioner's conviction and sentence as to the conspiracy count, Petitioner's term of imprisonment for count two is vacated, his term of supervised release is reduced to two years for count one and one year for count five to be served concurrently, and his special assessment is reduced by $100.00.

    B.    *Jury Instructions*

Petitioner also argues that the Court's instructions to the jury violated his Sixth and Fourteenth Amendment rights. ECF 409, PgID 6053. Specifically, he argues that the language of the instructions lacked specificity and were ambiguous as to the elements required for the CCE charge. *Id.* at 6054–56. The Government responds that Petitioner procedurally defaulted the jury instruction argument. ECF 426, PgID 6173.

A jury instruction claim is procedurally defaulted when a defendant failed to object to the instruction at trial or raise the issue on direct review. *Napier v. United States*, 159 F.3d 956, 961 (6th Cir. 1998). When a claim is procedurally defaulted, the

5

petitioner "must show cause why he did not previously object and 'actual prejudice' resulting from the error." *Id.* (citations omitted). Here, Petitioner failed to object to the jury instructions at trial and failed to raise the issue on appeal to the Sixth Circuit. *See* ECF 284, 389. Petitioner did not address, and therefore did not show good cause for, his failure to object to the jury instructions at trial or to raise the issue on direct appeal.

And the jury instructions did not cause "actual prejudice." "Actual prejudice" is an extremely high bar that requires the petitioner to show that "the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process," not merely that "the instruction is undesirable, erroneous, or even universally condemned." *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977) (quoting *Cupp v. Naughten*, 414 U.S. 141, 147 (1973)) (internal quotations omitted). Petitioner fails to meet the high bar. Petitioner argues that the jury instructions were ambiguous because they did not specifically require unanimity by the jurors on each specific element of the CCE charge and did not define the term "substantial income." ECF 409, PgID 6054–56. But the Court, when instructing the jury, stated that the jury "must unanimously agree on the facts necessary to support each element," ECF 284, PgID 4682, and the verdict form provided to the jury expressly required unanimity, ECF 249.

The Court also provided the requisite instructions as to each element, including the "substantial income" element. *See United States v. Burns*, 298 F.3d 523, 535 (6th Cir. 2002). The Court stated to the jury that "substantial income" should "be

6

given its usual and ordinary meaning." ECF 284, PgID 4685. But the Court went on to define "substantial income" to mean that it must be significant, not trivial, and includes gross income and receipts, not just profit. *Id.* The Court further clarified the element by stating that the income can include money or "other things of value." *Id.* The jury instructions adequately and sufficiently explained "substantial income" to the jury and notified them of the unanimity requirement for each element of the claims. Petitioner's claim regarding the jury instructions therefore fails.

    C.    *Ineffective Assistance of Counsel*

Petitioner next argues that his Sixth Amendment rights were violated because his trial counsel, James Howarth, was ineffective in defending him against the CCE charge. ECF 409, PgID 6057. The bulk of his argument is seemingly devoted to disputing the sufficiency of the evidence as to the CCE charge and disputing the credibility of one Government witness—a claim not proper for a § 2255 motion. *See Conteh v. United States*, 226 F. Supp. 2d 514, 519 (S.D.N.Y. 2002). But he does state in passing two issues that could raise ineffective assistance of counsel claims: (1) failure to object to the jury instructions and (2) failure to effectively cross examine Mr. Hammoud. ECF 409, PgID 6059, 6063.

Courts apply the *Strickland* standard to determine whether a defendant received effective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). To prevail under the *Strickland* standard, a defendant must show that: (1) his counsel's performance was deficient, and (2) counsel's "deficient performance prejudiced the defense." *Id.* To satisfy the first prong, a defendant must show that his

counsel's representation "fell below an objective standard of reasonableness." *Id.* at 688. There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Groseclose v. Bell*, 130 F.3d 1161, 1167 (6th Cir. 1997) (citing *Strickland*, 466 U.S. at 689)).

Here, Petitioner has not shown by a preponderance of the evidence that Mr. Howarth's performance was deficient. As the Court found above, the jury instructions were proper and therefore Mr. Howarth did not act unreasonably by not objecting to them. As to the cross-examination of Mr. Hammoud, Petitioner claims that his counsel "should have easily been able to destroy the testimony of Hammoud on cross examination" based on another person's testimony at Petitioner's detention hearing that was not presented at trial. ECF 409, PgID 6063. But the other person was unreliable because he had also provided statements to medical personnel that conflicted with his statements at the detention hearing and corroborated Mr. Hammoud's testimony. *See* ECF 273, PgID 2964–66. Further, Mr. Howarth did vigorously cross examine Mr. Hammoud, and asked questions about the other person's statements. *See* ECF 270, PgID 2406–21.

Based on the record, Mr. Howarth sufficiently prepared for the case, sufficiently examined and cross-examined the witnesses presented, and sufficiently contributed to the jury instructions. Petitioner even admits that "Mr. Howarth was a great attorney." ECF 409, PgID 6058. And as the Court stated during Petitioner's sentencing, Mr. Howarth's "work in this case and his sentencing memo and his remarks . . . were extraordinary," and "[n]o one could have given a better defense to

8

this case." ECF 356, PgID 5695. Petitioner's claims that he was deprived of effective counsel are unpersuasive. Mr. Howarth's representation during the case did not fall below an objective standard of reasonableness. The Court will therefore reject Petitioner's ineffective assistance of counsel claims.

### D. Actual Innocence

Finally, Petitioner argues that his CCE conviction "should be summarily vacated with prejudice for failing to meet the fifth element"—the substantial income element. ECF 409, PgID 6065. He cabins his argument as a claim of factual innocence but fails to claim that he is in fact innocent. Rather, he merely restates his sufficiency of the evidence argument and his jury instructions argument and argues that the Government failed to carry its burden. *See id.* at 6065–69.

To establish actual innocence, Petitioner must demonstrate that, in light of all the evidence, "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (citing *Schlup v. Delo,* 513 U.S. 298, 329 (1995)). "[A]ctual innocence means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623 (internal quotations and citation omitted). Because the standard is so "demanding," tenable claims of actual innocence are extremely rare. *See House v. Bell*, 547 U.S. 518, 538 (2006).

Here, Petitioner points to no evidence that suggests that he is factually innocent. Rather, he merely rehashes arguments that the evidence against him was legally insufficient. His arguments therefore fail to meet the high standard required for actual innocence. Further, as determined above, the jury instructions were proper.

9

And Petitioner already appealed his sufficiency of the evidence claim on direct appeal. The Sixth Circuit upheld his conviction and found that "there were numerous facts to support the jury's conclusion." ECF 389, PgID 5924. Because his § 2255 motion may not be employed to relitigate the issue, *see Giraldo*, 1995 WL 290354, at *2, the Court will reject the claim.

II. <u>Motion to appoint counsel</u>

Petitioner also requests that the Court appoint counsel "[i]n the event that this Court finds sufficient merit in [his] § 2255 petition to explore further evidence and/or discovery." ECF 410, PgID 6081. The Court has found no merit in his petition requiring further evidence or discovery and will therefore deny his motion to appoint counsel as moot.

III. <u>Certificate of Appealability and In Forma Pauperis Status on Appeal</u>

Under 28 U.S.C. § 2253(c)(2), the Court must issue a Certificate of Appealability ("COA") only if a petitioner has demonstrated a "substantial showing of the denial of a constitutional right." "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Reasonable jurists could not conclude that Defendant's claims deserve further review; a COA will not issue. The Court also denies Defendant leave to proceed in forma pauperis on appeal, because the appeal cannot be taken in good faith. *See* Fed. R. App. P. 24(a)(3).

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Petitioner's motion to vacate sentence [409] is **GRANTED IN PART AND DENIED IN PART.**

**IT IS FURTHER ORDERED** that Petitioner's conviction and sentence as to Count Two, conspiracy to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vii), 846, is **VACATED**. Petitioner's term of supervised release is **REDUCED** to two years for Count One and one year for Count Five, to be served concurrently. And the $100.00 special assessment charged for Count Two shall be **RETURNED** to Petitioner.

**IT IS FURTHER ORDERED** that Petitioner's motion to appoint counsel [410] is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED.**

**IT IS FURTHER ORDERED** that leave to proceed in forma pauperis on appeal is **DENIED.**

**IT IS FURTHER ORDERED** that the Clerk shall **CLOSE** civil case 2:18-cv-12039.

**SO ORDERED**.

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: October 28, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 28, 2019, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager