UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

MOHAMED FARAJ,

        Defendant.
                                  /

Case No. 2:13-cr-20564-01

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER**
**<u>DENYING MOTION FOR COMPASSIONATE RELEASE [449]</u>**

Defendant Mohamed Faraj moved for compassionate release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A). ECF 449. Defendant claims the Court should grant the motion because of the risks of COVID-19, his rehabilitation efforts, and because his sentence would be shorter today if he were convicted of the same crime. *Id.* at 6374. Defendant also asked the Court to appoint an attorney to represent him. *Id.* at 6372. The Government responded that the Court should deny the motion because Defendant did not exhaust his administrative remedies. ECF 451, PgID 6450. For the following reasons, the Court will deny the request to appoint an attorney and the compassionate release motion.

I.    <u>Motion to Appoint Counsel</u>

"[T]he Court has discretion to appoint counsel if the interests of justice so requires." *United States v. Oliver*, No. 3:17-CR-41-3, 2020 WL 2310391, at *3 (E.D. Tenn. May 8, 2020) (citing 18 U.S.C. § 3006A). But "there is no general constitutional

1

right to appointed counsel in post-conviction proceedings, . . . including proceedings under 18 U.S.C. § 3582(c)." *Id.* (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987), and *United States v. Bruner*, No. 5:14-CR-05, 2017 WL 1060434, at *2 (E.D. Ky. Mar. 21, 2017)). "This is because a motion filed under § 3582(c)(2) 'is simply a vehicle through which appropriately sentenced prisoners can urge the court to exercise leniency to give [them] the benefits of an amendment to the U.S. Sentencing Guideline Manual.'" *Bruner*, 2017 WL 106434, at *2 (quoting *United States v. Townsend*, 98 F.3d 510, 513 (9th Cir. 1996) (alterations in original)). Plus, Defendant's motion, like most compassionate release motions, is "not a particularly complex claim factually or legally[.]" *United States v. Ryerson*, No. 3:09-CR-66-1, 2020 WL 3259530, at *2 (E.D. Tenn. June 16, 2020).

Because Defendant has not shown a likelihood of success of obtaining the relief he seeks, appointing counsel will not serve the interests of justice, and is inappropriate. The Court will deny the motion to appoint counsel.

II. <u>Motion to Reduce Sentence</u>

Under the First Step Act's compassionate release provision, the Court may modify Defendant's sentence only if: (1) he has exhausted all administrative remedies, or (2) thirty days have passed since the warden received Defendant's request for the Bureau of Prisons to bring a motion on his behalf. 18 U.S.C. § 3582(c)(1)(A). The exhaustion condition is "mandatory." *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)). It is Defendant's burden to establish he has exhausted all his administrative remedies. *See United*

States v. Pena-Lora, No. 15-20695, 2020 WL 3886384, at *1 (E.D. Mich. July 9, 2020) (citation omitted).

Here, Defendant does not appear to have exhausted his administrative remedies. Defendant claimed he filed a request on March 2, 2021 for compassionate release with the warden of his prison. ECF 449, PgID 6388. But the Government offered evidence showing the Bureau of Prisons never received the request. ECF 451-2, PgID 6459–60. On that basis, Defendant has not satisfied the burden needed to establish that he exhausted his administrative remedies.

**WHEREFORE**, it is hereby **ORDERED** that Defendant's motion for compassionate release [449] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's request for an attorney is **DENIED**.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: May 10, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 10, 2021, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager